Esperanza MEJORADA, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 03–71637.

United States Court of Appeals, Ninth Circuit.

Submitted July 6, 2004.*

Decided July 14, 2004.

Lisa H. Donnelley, Stock & Donnelley, LLC, Anchorage, AK, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Director, Anchorage, AK, Richard M. Evans, Esq., Michael T. Dougherty, Jennifer Paisner, U.S. Department of Justice, Washington, DC, for Respondent.

Before: HALL, KLEINFELD, and WARDLAW, Circuit Judges.

MEMORANDUM **

Esperanza Mejorada, a native and citizen of Mexico, petitions for review of a decision of the Board of Immigration Appeals ("BIA") affirming without opinion the decision of an Immigration Judge ("IJ") finding Mejorada removable and denying her motion to suppress evidence. We have jurisdiction pursuant to 8 U.S.C. § 1252 and deny the petition for review.

The IJ did not abuse its discretion in denying Mejorada's motion to suppress her birth certificate as the fruit of an illegal search. The exclusionary rule does

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

not apply in deportation proceedings unless an egregious violation of the Fourth Amendment has occurred. *INS. v. Lopez–Mendoza*, 468 U.S. 1032, 1050, 104 S.Ct. 3479, 82 L.Ed.2d 778 (1984). In the deportation context, we have held that evidence seized through a search motivated by racial animus may be suppressed as the fruit of an egregious violation of the Fourth Amendment. *Orhorhaghe v. INS*, 38 F.3d 488, 503 (9th Cir.1994). There is no evidence in the record to suggest, nor does Mejorada argue, that the search at issue was motivated by racial animus. Therefore, because we are in the deportation context, the search was not egregious and the exclusionary rule does not apply. *Lopez–Mendoza*, 468 U.S. at 1050, 104 S.Ct. 3479.

Mejorada's claim that the IJ erred in making an adverse finding of deportability based solely upon information furnished by her abusive husband, in violation of 8 U.S.C. § 1367(a)(1), also fails. The INS did not rely solely on the information furnished by Mejorada's abusive husband. Rather, it relied on the certified copy of Mejorada's foreign birth certificate obtained from the United States Embassy in Mexico City, Mexico. Because the birth certificate is a valid independent source that is not suppressible, 8 U.S.C. § 1367(a)(1) was not violated.

Finally, Mejorada's claim that the BIA violated its own regulations by failing to assign Mejorada's case to a three-member panel is foreclosed by *Falcon Carriche v. Ashcroft*, which holds, "where we can reach the merits of the decision by the IJ or the BIA, an additional review of the streamlining decision itself would be su-

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

perfluous." 350 F.3d 845, 855 (9th Cir. 2003).

Petition for review DENIED.